STONE, Judge,
concurring in part and dissenting in part.
I would affirm the award of child support and hold that the trial court has discretion under section 61.30 to consider the alimony received from the former husband as income *544 to the former wife in computing her share of child support obligation. Subsection (2)(a) specifically says that gross income is “not limited to” the sources listed in (2)(a) 1-14. Subsection (11) also authorizes adjustments of either parent’s share in order to achieve an equitable result.
While Pelton recognized that the statute does not require the trial court to include in the recipient’s gross income and deduct from the payor’s gross income alimony paid by one to the other in determining child support, the same court, citing Pelton, has also concluded that it was not an abuse of discretion for the trial court to deduct alimony from the pay- or’s gross income for that same purpose, pursuant to subsections (ll)(e) and (k). Nelson v. Nelson, 6S1 So.2d 1252, 1254 (Fla. 1st DCA 1995).
In all other respects, I concur.